No. 809
GOBY v. MINERVA ENGINE CO
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5620. Decided April 27, 1925

**677. JUDGMENTS AND DECREES—**Fact that subject of vacation of judgments is purely statutory does not limit or hamper the jurisdiction of a court of chancery therein.

LEVINE, P. J.

A. G. Levine and J. P. Corrigan were appointed receivers of the Minerva Engine Co. by the Cuyahoga Common Pleas. Certain chattel mortgages were executed to Clifford Goby, one Long and one, Dowling for $16,000 some five months prior to said appointments.

On appraisal of the physical assets of the Company they found to aggregate $19,000 and the receivers endeavored to find purchasers therefor. The highest bid received, however, was $8500. Thereupon a petition to marshall liens was filed wherein the above chattell mortgages were set forth. The court informed the receivers that the proper remedy was a motion to abandon the property to Goby and other mortgages.

An advertisement was inserted in a newspaper advising the public to this effect. The motion was heard and granted by the court, no creditors appearing to contest it. Thereafter H. F. Eilert, an adjuster creditor and one of the intervening petitioners in this case filed a motion to set aside the order of abandonment. It was overruled and Eilert later filed a petition in the Cuyahoga Common Pleas to vacate the said order. This petition was dis-

missed and motion for a new trial was over-ruled.

The case was taken up on appeal and it was asked that the order of abandonment be vacated. It was urged that the vacation of a judgment was statutory and that the jurisdiction of a Court of Appeals to hear cases on appeal is limited by the constitution to chancery cases only. It was claimed by Eilert that the mortgages to whom the assets of the company were abandoned had no right, under the circumstances to claim the benefit accruing to them by the chattel mortgages. A statement was set forth tending to show that the obligation secured by the chattel mortgages was not that of the company. It was also argued by Eilert that the burden of proof lies in all cases on the party who fills the position of acting confidence to show that the transaction had been fair. The Court of Appeals held:

1. Power of chancery courts in such matters existed prior to the enactment of the statute covering the subject of vacation of judgments.

2. When fraud, mistake or accident were shown to exist in the obtaining of an order or judgment of a court, a court of equity independent of any statute was possessed of jurisdiction to enjoin the parties who obtained such judgment or order from inforcing the same or from gaining any benefits thereby.

3. The existing statutes covering vacation of a judgment are merely circumlative and do not in any way hamper or limit the jurisdiction of a court of chancery, so that this case is properly in this court as a chancery case within the meaning of the constitution.

4. The record not only fails to disclose any unconcionable conduct on part of the receivers, but affirmatively shows that in every step taken by them full disclosure was made to the court and that they acted in accordance with the court's directions.

5. The chattel mortgages were in existance prior to the appointment of the receivers who were without power to refuse to recognize the validity of the mortgages. To find the receivers guilty of fraud would necessarily involve the court itself.

6. The allegation of fraud on part of the receivers is not substantiated by the evidence offered. On the contrary it is clearly rebutted. A decree will be entered dismissing the petition of Eilert et al as intervening petitioners.

Attorneys—Maurer, Bolton & McGiffin for Eilert; A. G. Levine and J. P. Corrigan for Company; all of Cleveland.